**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**RITA IANNAZZI and GIANFRANCO MANCINI, Her Husband**
**Via Santo padre n.5 03033**
**Arpino (FR) Italia**

**Plaintiffs,**

**v.**

**AMAZON.COM, INC.**
**410 Terry Avenue, North**
**Seattle, WA 98109-5210**

**Serve: Corporation Service Company**
**1090 Vermont Avenue, NW**
**Washington, DC 20005**

**and**

**AMAZON.COM INC.**
**410 Terry Avenue, North**
**Seattle, WA 98109-5210**

**Serve: Corporation Service Company**
**1090 Vermont Avenue, NW**
**Washington, DC 20005**

**and**

**AMAZON.COM LLC**
**410 Terry Avenue, North**
**Seattle, WA 98109-5210**

**Serve: Corporation Service Company**
**1090 Vermont Avenue, NW**
**Washington, DC 20005**

**and**

: Case No.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

**AMAZON.COM SERVICES, INC.**
**410 Terry Avenue, North**
**Seattle, WA 98109-5210**

**Serve: Corporation Service Company**
**1090 Vermont Avenue, NW**
**Washington, DC 20005**

**and**

**AMAZON LOGISTICS, INC.**
**410 Terry Avenue, North**
**SEATTLE, WA 98109-5210**

**Serve: Corporation Service Company**
**1090 Vermont Avenue, NW**
**Washington, DC 20005**

**and**

**ORION'S HARP LLC**
**4500 Forbes Boulevard, Suite 200**
**Lanham, MD 20706**

**Serve: Legalinc Corporate Services Inc.**
**5425 Wisconsin Avenue**
**Ste 600 #647**
**Chevy Chase, MD 20815**

: : : : : : : : : : : : : : :

## COMPLAINT FOR DAMAGES

**(Negligence, Negligence *Per Se*:**
**Amazon Delivery Van Strikes Pedestrian in Crosswalk)**

Plaintiffs, Rita Iannazzi and Gianfranco Mancini, her husband, through their attorneys, Patrick M. Regan, Christopher J. Regan, Emily Lagan, and the law office of Regan Zambri Long PLLC, respectfully demand judgment against the Defendants on the grounds and in the amount set forth below:

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of parties.

2. The Court is a proper venue for this action under 28 U.S.C. § 1391(b)(2) because the acts out of which the action arises occurred in the District of Columbia.

## PARTIES

3. Plaintiffs, Rita Iannazzi and Gianfranco Mancini, are citizens and residents of the country of Italy.

4. Upon information and belief, Defendants Amazon.com, Inc.; Amazon.com Inc.; Amazon.com LLC; Amazon.com Services, Inc.; and Amazon Logistics, Inc. are foreign corporations and a limited liability company existing under the laws of the State of Delaware with principal places of business in the State of Washington, and they are authorized to and do transact business in the District of Columbia.

5. Defendants Amazon.com, Inc.; Amazon.com Inc.; Amazon.com LLC; Amazon.com Services, Inc.; and Amazon Logistics, Inc. are legally, and in reality, the same entity, and/or partners, joint ventures, alter egos, agents and/or apparent agents of the other and will be collectively referred to as the "Amazon Defendants."

6. Defendant Orion's Harp LLC ("Orion's Harp") is a domestic limited liability company organized and existing pursuant to the laws of the state of Maryland with its principal place of business in Lanham, Maryland.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

7. Defendant Orion's Harp is an Amazon Delivery Service Partner ("DSP") and part of Amazon's DSP Program.

## FACTS

8. On December 30, 2023, at approximately 4:35 pm, Plaintiff Rita Iannazzi ("Ms. Iannazzi") was walking on the western side of Massachusetts Avenue, NW, in Washington, DC.

9. Ms. Iannazzi stopped on the northwest corner of the intersection of Massachusetts Avenue and Cathedral Avenue, NW, and waited for the pedestrian signal to cross eastbound across Massachusetts Avenue.

10. At the same time, Timothy Blake Tunstall ("the Amazon Driver") was driving an a delivery van (the "Amazon Delivery Van") on Cathedral Avenue, stopped at a red light at its intersection with Massachusetts Avenue.

11. When the traffic signal changed and the WALK signal came on, Ms. Iannazzi began to walk eastbound in the marked crosswalk across Massachusetts Avenue.

12. As Ms. Iannazzi walked in the marked crosswalk with the WALK signal, the Amazon Driver attempted to turn left through the crosswalk, slamming into Ms. Iannazzi and running her over.

13. The Amazon Driver then stopped his Amazon Delivery Van and exited the Amazon Delivery Van while the rear wheels of the van were on top of Ms. Iannazzi.

14. Ms. Iannazzi was screaming at the Amazon Driver to move the Amazon Delivery Van off her; eventually, he got back into the van and did so.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

15. The Amazon Delivery Van that slammed into and ran over Ms. Iannazzi was at all times owned by Defendant Amazon Logistics, Inc., and was being used to further the business interests of all the Amazon Defendants and Defendant Orion's Harp.

16. At all relevant times, the Amazon Driver was an agent, servant, and/or employee of all the Amazon Defendants and Defendant Orion's Harp.

17. As a direct result of being hit and run over by the Amazon Delivery Van, Plaintiff Rita Iannazzi suffered catastrophic physical injuries, including multiple fractures of her extremities and throughout her body, numerous other serious injuries, and she has already undergone more than seven surgeries and faces the prospect of multiple future surgeries.

18. As a direct result of being hit and run over by the Amazon Delivery Van and suffering catastrophic physical injuries, Ms. Iannazzi was hospitalized for nearly two months and faces a lifetime of future medical care and treatment for her permanent injuries.

19. As a further direct result of being hit and run over by the Amazon Delivery Van, Plaintiff Rita Iannazzi has incurred, and will continue to incur for the remainder of her lifetime, substantial medical expenses; has incurred and will continue to incur substantial lost wages and loss of wage-earning capacity; and has suffered, and will continue to suffer, extreme physical and emotional pain, depression, suffering, anguish, and loss of enjoyment of life, as well as other damages.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

**COUNT I**
**(Negligence/Recklessness, Negligence *Per Se* – All Defendants)**

20. Plaintiffs incorporate by reference the preceding paragraphs and further allege that the Amazon Driver owed a duty to Plaintiff Rita Iannazzi to operate the Amazon Delivery Van in a safe and reasonable manner, and in accordance with all state and federal laws and regulations.

21. Plaintiffs further allege that the Amazon Driver Defendant breached his duty to use due care in operating the Amazon Delivery Van and was negligent, negligent *per se*, reckless, willful, and/or wanton in numerous ways, including but not limited to:

a. not obeying traffic signs and signals;

b. not keeping a proper lookout;

c. driving while inattentive and/or distracted;

d. not maintaining proper control;

e. not yielding the right-of-way to pedestrians who were lawfully in the marked crosswalk and walking with the WALK signal;

f. not using the degree of care and skill that a reasonable person would have used under the same or similar circumstances;

g. acting with conscious disregard for the safety of others, including Plaintiff Rita Iannazzi;

h. acting in violation of applicable state and federal statutes and regulations; and

i. committing other acts and omissions as discovery may reveal and the evidence at trial may show.

22. In breaching this duty, the Amazon Driver violated pedestrian-safety statutes and regulations that were in full force and effect in the District of Columbia at the time, including without limitation the following: D.C. Code § 50-2201.28(b); 18 DCMR

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

2302.2; 18 DCMR 2208.11. As a result, the Amazon Driver was negligent *per se* under District of Columbia law.

23. As a direct result of the Amazon Driver's negligence, Ms. Iannazzi suffered the catastrophic injuries and damages set forth above.

24. At the time of the negligent and reckless driving set forth above, the Amazon Driver was acting within the course and scope of his employment by the Amazon Defendants and Defendant Orion's Harp; they are therefore liable for his negligent acts and/or omissions under the doctrine of *respondeat superior* and agency principles.

25. Defendant Amazon Logistics, Inc., was the lawful registered owner of the Amazon Delivery Van at the time it slammed into and ran over Ms. Iannazzi.

26. Pursuant to D.C. Code § 50-1301.08, the Amazon Driver is statutorily deemed to be the agent of Defendant Amazon Logistics, Inc., during the course of his operation of the Amazon Delivery Van.

27. Pursuant to D.C. Code § 50-1301.08, Defendant Amazon Logistics, Inc., is expressly responsible for the negligent, careless, and reckless acts or omissions of the Amazon Driver.

**COUNT II**
**(Negligent Hiring, Entrustment, Training, Retention, and Supervision – Amazon Defendants and Orion's Harp)**

28. Plaintiffs incorporate by reference the preceding paragraphs and further allege that the Amazon Defendants and Defendant Orion's Harp were negligent, negligent *per se*, grossly negligent, reckless, willful, and/or wanton in hiring and/or retaining the Amazon Driver and entrusting him to drive their motor vehicle, in that the Amazon

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036
202-463-3030

Defendants and Defendant Orion's Harp knew or should have known that Amazon Driver Defendant was too incompetent, unfit, inexperienced, and/or reckless to operate an Amazon delivery van, which created an appreciable risk of harm to the public, including Plaintiff.

29. The Amazon Defendants and Defendant Orion's Harp were negligent, negligent *per se*, grossly negligent, reckless, willful, and wanton in failing to properly train and/or supervise Amazon Driver Defendant, in that the Amazon Defendants and Defendant Orion's Harp permitted the Amazon Defendant Driver, who was within their employ and control, to operate an Amazon delivery van with knowledge that Amazon Driver Defendant posed a danger to the public, including Plaintiff, in operating the vehicle.

30. The negligence or recklessness of the Amazon Defendants and Defendant Orion's Harp, which was a cause of the left-turn collision and Ms. Iannazzi's resultant injuries and damages, further include the following actions and/or inactions:

a. Hiring, retaining, and permitting The Amazon Driver to operate the subject Amazon Delivery Van without properly and adequately qualifying him consistent with industry customs;

b. Hiring, retaining, and permitting the Amazon Driver to operate the subject Amazon Delivery Van without first conducting a proper and adequate background check to ascertain whether he was competent and fit to operate a package delivery van properly and safely;

c. Failing to provide proper, adequate, ongoing, and/or remedial training to the Amazon Driver consistent with industry customs, including safe and defensive driving training in general and specific to paying proper attention to surroundings, the performance of left turns, and avoiding in-vehicle distractions;

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036
202-463-3030

d. Failing to take proper and adequate measures to prevent the Amazon Driver from endangering the public, specifically including Plaintiff, by performing unnecessary left turns when safe routes exist; performing left turns without watching for and yielding to pedestrians lawfully in marked crosswalks; failing to pay proper attention to his surroundings while driving; and driving while distracted, rushing, in a hurry, and/or fatigued;

e. Failing to properly and adequately train, monitor, and/or supervise the Amazon Driver to ensure he would adhere to proper safe and defensive driving practices custom to the industry and/or required by District of Columbia law and/or applicable state and federal standards;

f. Failing to properly and adequately train, monitor, and/or supervise the Amazon Driver to ensure he could safely manage left turns without needlessly endangering pedestrians who were lawfully in marked crosswalks, specifically including the Plaintiff;

g. Unreasonably setting and assigning Orion's Harp and the Amazon Driver a delivery route that did not eliminate or minimize dangerous left turns in favor of safer available paths to the same destination(s), despite having actual or constructive knowledge, commonly shared in the industry, of the risks and dangers posed by left turns;

h. Unreasonably setting and assigning the Amazon Driver to a delivery route that was too tight or aggressive to perform without hurrying or rushing to complete said route;

i. Generally prioritizing pickup/delivery speed over driver safety and pressuring and/or incentivizing its DSP operators and drivers, including Orion's Harp and the Amazon Driver; and

j. Other particulars as evidence may show at trial.

31. The Amazon Defendants were further negligent or reckless in some or all of the following ways:

a. Mandating a delivery schedule that was unrealistic such that it forced drivers, including the Amazon Driver, to rush to the point

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

it was unsafe and, as a practical matter, made it impossible to drive safely;

b. Negligently managing the safety data Amazon pulled from the Chime, Flex, Mentor and/or other apps that monitor the drivers and packages;

c. Promoting in-vehicle distractions by mandating its DSP drivers use the Chime, Flex, Mentor and/or other apps to track package deliveries and driver performance;

d. Exerting control over the method and manner of the package deliveries and, in the process, negligently mandating compliance targets that focused on speed and delivery efficiency without giving due consideration to public safety;

e. Relying on unrealistic algorithms that pushed DSP drivers, or delivery associates, including the Amazon Driver, to complete unrealistic numbers of package deliveries each day despite having actual or constructive knowledge of the dangers of these algorithms;

f. Choosing profits over safety, of the public and DSP drivers, by continually pushing DSP drivers, including the Amazon Driver, to complete an unsafe amount of package deliveries per day;

g. Primarily focusing its energy, times, and resources on mandating fast and profitable package delivery while intentionally seeking to offload all legal responsibility for dangerous situations created by those attempting to meet the Amazon Defendants' unrealistic package-delivery mandates onto shell companies that the Amazon Defendants designed, created, and governed to be a proper target for cases like this one; and

h. Failing to consider well-known industry standards for route affinity and other well-known recognized logistics industry safety concepts when designing the daily delivery routes of the DSP drivers, again choosing profits over basic safety of its own drivers and the motoring public.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

32. As a direct result of the Amazon Defendants' and Defendant Orion's Harp's negligence, Ms. Iannazzi was struck by the Amazon Delivery Van and suffered the catastrophic injuries and damages set forth above.

**COUNT III**
**(Loss of Consortium: Plaintiff Gianfranco Mancini)**

33. Plaintiffs incorporate by reference the preceding paragraphs and further allege that Plaintiff Gianfranco Mancini is the husband of Plaintiff Rita Iannazzi.

34. Plaintiff Gianfranco Mancini further alleges that as a direct result of the combined negligent acts and omissions of the Amazon Defendants, Defendant Orion's Harp, and the Amazon Driver, as previously described, he has spent considerable time caring for and assisting his wife from the time of the incident to the present and will spend considerable time caring for and assisting his wife in the future.

35. As a direct result of this accident, Plaintiff Gianfranco Mancini has sustained losses of society, companionship, and consortium.

WHEREFORE, Plaintiff Rita Iannazzi demands judgment against the Amazon Defendants and Defendant Orion's Harp, jointly and severally, in the full and just amount of Fifty Million Dollars ($50,000,000.00), plus interest and costs.

WHEREFORE, Plaintiff Gianfranco Mancini demands judgment against the Amazon Defendants and Defendant Orion's Harp, jointly and severally, in the full and just amount of Ten Million Dollars ($10,000,000.00), plus interest and costs.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

## **JURY TRIAL DEMAND**

Plaintiffs request a trial by jury on all the above claims.

Respectfully submitted,

REGAN ZAMBRI LONG PLLC

By: ***/s/ Patrick M. Regan***
Patrick M. Regan #336107
pregan@reganfirm.com
Christopher J. Regan #1018148
cregan@reganfirm.com
Emily Lagan #1645159
elagan@reganfirm.com
1919 M Street, NW, Suite 600
Washington, DC 20036
PH: (202) 463-3030
FX: (202) 463-0667
*Counsel for Plaintiff*